IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JEFFREY L. BRIM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:15-cv-57 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of Magistrate Judge Joel C. Hoppe [ECF No. 23], recommending that I deny Plaintiff Jeffrey Brim's Motion for Summary Judgment [ECF No. 15], grant Defendant Nancy Berryhill's ("the Commissioner") Motion for Summary Judgment [ECF No 19], and affirm the Commissioner's final decision. Plaintiff filed timely objections to the R & R on March 3, 2017. [ECF No. 24]. The Commissioner filed a response on March 28, 2017 [ECF No. 25]. For the reasons stated below, I will adopt the R & R in full and overrule Plaintiff's objections.

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On November 1, 2011, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act, respectively. *See* 42 U.S.C. § 401 *et seq.*; §§ 1381–1383f. Plaintiff alleged that he was disabled as of October 24, 2011. (R. at 192, May 10, 2016 [ECF No. 9].) Plaintiff's application was denied at both the initial and reconsideration stages. (*See generally* R. at 88–125.) On March 19, 2014, a hearing was held before Administrative Law Judge Owen ("the ALJ"). (*See* R. at 67–87.)

The ALJ denied Plaintiff's application in a written opinion submitted on June 19, 2014. (R. at 41–56.) The ALJ applied the five-step evaluation process set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a).[1] The ALJ determined that Plaintiff met the insurance requirements of the Social Security Act, and found that Plaintiff had not engaged in substantial, gainful activity since October 24, 2011. (R. at 46.) Next, the ALJ found that Plaintiff had multiple severe impairments: obesity, angina pectoris, and hypertension. (R. at 46–47.) Plaintiff did not have any impairments that met the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 47.) Finally, the ALJ determined that [Plaintiff] has the residual functional capacity to perform light work,[2] and given Plaintiff's age, education, and work experience, Plaintiff could work as, for example, "a flagger, a cafeteria attendant, [or] a hand sander," jobs that existed in sufficient numbers in the national and local economies (R. at 51.)

The ALJ concluded that Plaintiff's testimony was "not entirely credible." (R. at 48.) For example, in an application for unemployment benefits, Plaintiff certified that he could work at least part-time. (*Id.*) The ALJ noted that this finding is "far from dispositive . . . [but] it is nonetheless evidence that raises questions about [Plaintiff's] credibility." (*Id.*) More importantly, the ALJ noted that Plaintiff's testimony regarding his conditions and symptoms did not align

---

[1] The five-step process requires an ALJ to determine: (1) whether the claimant is engaging in substantial gainful activity, 20 C.F.R. §§ 404.1520(b), 416.920(b); (2) whether the claimant has a "severe" impairment or combination of impairments, 20 C.F.R. §§ 404.1520(c), 416.920(c); (3) whether the claimant's impairments are sufficiently severe as determined by the criteria set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(d), 404.1525–26, 416.920(d), 416.925–26; (4) whether the claimant has the residual functional capacity to perform the requirements of her past relevant work, 20 C.F.R. §§ 404.1520(f), 416.920(f); and (5) whether the claimant is able to do any other work considering her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

2 "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

with his medical history. (R. at 48–49.) Plaintiff's request for a rehearing was denied by the Social Security Administration Appeals Council. (R. at 1–4.)

Plaintiff filed the present action on December 11, 2015, (Compl., [ECF No. 2]), and I referred the matter to Magistrate Judge Hoppe. The parties filed cross-motions for Summary Judgment [ECF Nos. 15, 19], and Magistrate Judge Hoppe issued an R & R recommending that I grant the Commissioner's Motion, deny Plaintiff's Motion, and affirm the ALJ's decision. [ECF No. 23]. Plaintiff filed timely objections wherein he argues that the R & R erroneously concludes that (1) substantial evidence existed to support the ALJ's credibility determinations, and (2) the ALJ properly considered how Plaintiff's obesity might exacerbate his other limitations. [ECF No. 24]. The Commissioner filed her response to Plaintiff's objections on March 28, 2017 [ECF No. 25], and this matter is now ripe for review

## II. STANDARD OF REVIEW

I must review *de novo* any findings by the Magistrate Judge to which proper objections have been filed. Fed. R. Civ. P. 72(b). A plaintiff must, however, make specific objections to the R & R; a plaintiff's objection cannot simply be mere disagreement with the Magistrate's conclusions. *See Keith v. Astrue*, 2012 WL 4458649, at *3 (W.D. Va. Aug. 9, 2012); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) ("Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991))).

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence, and (2) the Commissioner applied the

proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In other words, the substantial evidence standard is satisfied by producing more than a scintilla of evidence, which may be less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. The Commissioner has broad discretion in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(d), 416.927(d); *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *See Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the [ALJ]." *Craig*, 76 F.3d at 589. "Ultimately, the issue before this Court is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached through correct application of the law." *Dunn v. Colvin*, 973 F. Supp. 2d 630, 638 (W.D. Va. 2013).

### III. DISCUSSION

Plaintiff makes two objections. First, he contends the R & R erroneously concludes that there was substantial evidence to justify the ALJ's finding that Plaintiff's statements regarding

the severity of his symptoms were less than credible. (Obj. at 1, Mar. 3, 2017 [ECF No. 24].) Second, he asserts the ALJ failed to properly analyze how Plaintiff's obesity could affect the severity of his other impairments, and thus, his residual functional capacity ("RFC"). I will address each of these objections in turn.

### A. Severity of Plaintiff's Symptoms

The ALJ concluded that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible . . . ." (R. at 48.) Plaintiff argues that the ALJ did not "provide reasons for the weight given to [P]laintiff's allegations." (Obj. at 2 [ECF No. 25].) Plaintiff cites *Mascio v. Colvin*, 780 F.3d 632, 639–40 (4th Cir. 2015), to show that the ALJ should have identified the specific statements he credited and discredited and provide reasons for those decisions.

This is the first time that Plaintiff has made an argument pertaining to whether the ALJ sufficiently identified which of Plaintiff's statements he found to be credible. That alone is sufficient for me to disregard this argument. While I review the Magistrate Judge's findings *de novo*, a plaintiff cannot withhold arguments until they decide to object to an R & R. This not only undermines the purpose behind allowing district court judges to refer matters to magistrate judges, it undermines the magistrates themselves. *See Ridenour v. Boehringer Ingelheim Parmaceuticals, Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Singh v. Superintending Sch. Comm. of City of Portland*, 593 F. Supp. 1315, 1318 (D. Me. 1984) ("[The Social Security Act] necessarily contemplates that on referral of a pretrial motion to the Magistrate for his hearing and determination thereon, all parties are required to take before him, not only their 'best shot' but all of their shots.")

Regardless, Plaintiff's argument is clearly incorrect. The ALJ cited several of Plaintiff's statements that were not consistent with other evidence. The ALJ found that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limited effects of these symptoms are not entirely credible . . . ." (R. at 48.) Plaintiff alleged the he could only sit or stand for limited periods of time and cannot bend; the ALJ determined that these assertions were not "borne out by the record." (R. at 50.) In contrast, the ALJ found Plaintiff's allegations of chest pain to be *credible* (*id.*), which led to the ALJ to include a twenty-pound lifting restriction in his RFC. *Mascio* does not require, as Plaintiff suggests, that an ALJ must draft an inventory of every statement made by a plaintiff and then, line-by-line, weigh the credibility of each.

Next, Plaintiff argues that both the R & R and the ALJ failed to properly consider Plaintiff's need to lie down twice a day for up to ninety minutes each time. Plaintiff takes issue with the ALJ determination that "the record does not shown [sic] [Plaintiff] is medically incapable of staying awake for a typical workday despite some reported fatigue and medication side-effects." The issue, Plaintiff argues, is not that he can stay awake but that he must lie down, which would presumably take him out of commission during a typical workday. Plaintiff alleged that "modest activity" would aggravate his chest pain. (R. at 48.) The ALJ found that this was "unlikely" given Plaintiff's "several normal cardiac findings," (*id.*) but nevertheless included a twenty-pound lifting restriction. (R. at 51.) Thus, the ALJ included a proscription in his RFC that the ALJ felt addressed those symptoms supported by the medical evidence.

The ALJ considered the fact that Plaintiff had applied for, and received, unemployment benefits in 2012 and 2013. The ALJ noted that such evidence is "*far from dispositive . . .* , [but]

is nonetheless evidence that raises question about [Plaintiff's] credibility because in order to receive unemployment compensation in his home state of Virginia, [Plaintiff] needed to indicate to the unemployment commission that he is capable of working and actively looking for work." (R. at 48 (emphasis added).) Plaintiff objects to the use of such evidence because in order to receive unemployment benefits, a claimant only needs to certify that they are capable for working on a part-time basis. It is clear from the ALJ's findings, however, that little weight was given to this evidence. The ALJ stressed that such evidence was not dispositive, and there is sufficient evidence elsewhere in the record to support the ALJ's decision.

The ALJ's findings related to the severity of Plaintiff's symptoms were supported by substantial evidence and used the correct legal standard. Accordingly, the ALJ's conclusions are supported by substantial evidence.

### B. Plaintiff's Obesity

Plaintiff's second objection is similar to his first: he claims that the Magistrate Judge "erroneously conclude[d] substantial evidence support[ed] the ALJ's analysis of [P]laintiff's obesity and its impact on his RFC." According to Plaintiff, the ALJ did not consider obesity as an aggravating factor to Plaintiff's other limitations. As Judge Hoppe points out in the R & R, "[a]n ALJ is . . . not required to include a detailed analysis regarding a plaintiff's obesity." (R & R at 14, [ECF No. 23] (citing *Richard v. Astrue*, No. 6:11cv17, 2012 WL 5465499, at *6 (W.D. Va. July 5, 2012).) Moreover, "[t]he ALJ's conclusion that obesity is a severe impairment does not by itself necessitate additional limitations." (*Id.* at 13 (citing SSR 02-1p, 2002 WL 34686281, at *6 (Sept. 12, 2002).) Plaintiff argues that the R & R "impermissibly attempts to build a logical bridge that the ALJ did not build himself in his decision." (Obj. at 3, [ECF No. 24].) I addressed this argument in *Lafferty v. Colvin*, No. 4:13-cv-00049, 2015 WL 156772, at *4 (W.D. Va. Jan.

13, 2015). In *Lafferty*, I held that while "it is the ALJ's job to justify his decision," it is appropriate to affirm the ALJ's findings when they are supported by the record." *Id*.

Plaintiff's argument makes little sense considering that the ALJ explicitly states that he *did* consider Plaintiff's obesity in determining whether Plaintiff is disabled:

> [O]besity may have an adverse impact upon co-existing impairments. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitations than might be expected from arthritis alone. . . . In addition, obesity may limit an individual's ability to sustain activity on a regular and continuing basis during and eight-hour day, five-day week or equivalent schedule. *These considerations have been taken into account in reaching the conclusions set forth below.*

(R. at 46–47 (emphasis added).) The argument that Plaintiff is making in this case is the same one that was explicitly rejected in *Richards*. *See* 2012 WL 5465499, at *6 ("[T]here is no language in SSR 02–1p that directs the ALJ to include a lengthy analysis, or indeed, any precise analysis regarding obesity when issuing an opinion. It only mandates that the ALJ consider the effect of obesity during steps two through five of the five-step inquiry.") The ALJ explicitly stated that he considered the effects of obesity in his analysis, the record bears that statement out, and that is sufficient.

## IV. CONCLUSION

The R & R correctly found that there was substantial evidence in the Record to support the ALJ's decision, and the ALJ employed the proper legal standard. Accordingly, I will overrule Plaintiff's Objections, adopt the R & R, deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, affirm the Commissioner's decision, and dismiss this case from the Court's docket.

The clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Hoppe.

Entered this 11th day of April, 2017.

The clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Hoppe.

Entered this 11th day of April, 2017.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE